MORELEY, Respondent, v. COLE, et al., Appellants.

(162 N. W. 367.)

(File No. 3878.    Opinion filed April 17, 1917.    Rehearing denied May 23, 1917.)

1.   **Pleadings—Counterclaim—Action for Goods Sold to Defendants' Predecessor—Unavailing Defense of Contract With Vendee, Not a Counterclaim.**

In a suit for purchase-price of stoves sold by plaintiff's assignor to a dealer, predecessor of defendants in business, the sale agreement providing that title to the stoves remains in vendor until sold by vendee, who upon sale of the stoves, is to pay vendor the wholesale price of each, held, that an alleged counterclaim stating that defendants had purchased said vendee's hardware business, under an agreement that the amounts of the various accounts of the business sold were true and correct, otherwise vendor of the business would pay defendants the deficiency, that said amounts were not as represented and that a deficiency existed and the vendor of the business was indebted to defendants, stated no cause of action against plaintiff; it not containing a denial of an allegation in complaint that defendants agreed with their vendor to carry out said original contract; and a demurrer thereto was properly sustained.

2.   **Pleadings—Sales Remaining in Vendor—Vendee's Successors' Liability for Price—Failure to Record Sale Agreement—Statute—Defendants' Ignorance of Agreement—Answer, Sufficiency.**

In a suit for purchase price of stoves sold by plaintiff's assignor to defendants' predecessor in business under an agreement that title thereto remained in vendor until stoves were

sold by vendee, upon which sales vendee was to pay vendor the wholesale price of each, held, that an answer alleging that defendants had purchased the business of the vendee of the stoves without knowledge of such agreement and under contract with said vendee that the amounts of various accounts in the predecessor's business were true and correct, that if not so, they were to be repaid the deficiency, etc., that they were not correct and that said predecessor was indebted to defendants, constituted a good defense; it not appearing from the answer that such original agreement was filed for record pursuant to Civ. Code, Sec. 1315, providing in effect that all such conditional sales, where possession is given vendee on condition that title shall remain in vendor until purchase price paid shall vest title in vendee as to third persons without notice, unless such contract is filed with register of deeds, etc.

·3.   Same—Demurrer to Part of Non-independent Defense, Futility of—Statute.

A demurrer to an answer, going only to a part of the defense, not set up as an independent defense, was wrongfully sustained. So held, construing Code Civ. Proc., Sec. 130, providing that plaintiff may demur to an answer containing new matter, where on its face it does not constitute a counterclaim or defense, and may demur to one or more such defenses or counterclaims, and reply to residue of counterclaims, etc.

Appeal from Circuit Court, Brookings County.   Hon. CARL G. SHERWOOD, Judge.

Action by Robert Moreley against George D. Cole and another, to recover purchase price of stoves sold to defendants' predecessor in business under a sale conditional as to title.  From a judgment sustaining demurrers to part of defendants' answer and to their counterclaim, defendants appeal.  Reversed in part, and affirmed in part.

*Cheever & Cheever,* for Appellants.

*M. E. Culhane,* for Respondent.

(2.)  To point two of the opinion, Respondent cited:   3 Amer. & Eng. Ency. of Law, 2nd Ed. 739-40; Middleton v. Stone (Pa.) 4 Atl. 523; 5 Amer. & Eng. Ency of Law, 2nd Ed. 628; 12 Am. & Eng. Ency. of Law, 2nd Ed. 695, 637, (note); Baker v. New York Nat. Exch. Bk. (N. Y.) 2 N. E. 452.

(3.)  To point three of the opinion, Appellants cited:  6th Enc. Pleading & Practice, 300-301, 305; Reed v. Drais, 8th Pac. 20, (Cal.); Prose v. Ohio Valley Insurance Co., 2 Cinc. Sup. Ct. Rep. 14

GATES, P. J. Demurrer sustained to paragraph 2 of defendants' answer and to defendants' counterclaim. Defendants appeal.

The portions of the complaint necessary to an understanding of the case are as follows:

"That on or about the 26th day of September, 1910, the Michigan Stove Company, a corporation, delivered to one Gus Wilcox at Brookings, S. D., doing business under the firm name and style of Brookings Hardware Company, four Art Garland heaters of the value at wholesale of $169, property of the said Michigan Stove Company, and the said Gus Wilcox accepted the same under an agreement then entered into between the said Michigan Stove Company and Gus Wilcox wherein it was agreed that the said Gus Wilcox should properly house, care for, and sell the said stoves as soon as he could, and that upon the sale of these stoves the said Gus Wilcox agreed to pay the Michigan Stove Company the wholesale price of each stove, and he further agreed that the title to said stoves should remain in the Michigan Stove Company until sold.

"That on or about the 26th day of June, 1911, the above-named defendants purchased from the said Gus Wilcox his hardware business at Brookings, S. D., and as part of the consideration for the transfer of the stock of hardware assumed and agreed to carry out the terms of the above-described contract existing between the Michigan Stove Company and the said Gus Wilcox, and agreed to attend to the sale of the said stoves, and to account for the proceeds of the said sales of the said stoves to the Michigan Stove Company under the terms of the contract existing between the Michigan Stove Company and the said Gus Wilcox above described.

"That under the terms of the contract above referred to the said Cole & Loban took possession of and accepted the above-described stoves and sold the same before the commencement of this action."

[1] Paragraph 2 of defendants' answer is as follows:

"That on or about June 26, 1911, these defendants made a trade and exchange with the said Gus Wilcox, mentioned and described in plaintiff's said amended complaint, whereby the defendants exchanged certain lands owned by them to the said

Gus Wilcox for his hardware business and stock of merchandise then owned by the said Gus Wilcox, together with certain books of account and accounts due and owing from various debtors to the said Gus Wilcox, and that as a part of the arangement and agreement between these defendants and the said Gus Wilcox it was understood and agreed that the various amounts of the accounts so contained in said books of account against said various debtors were true and correct, and the said Gus Wilcox, among other things, then and there agreed that in the event the amounts of said accounts were not true and correct that the said Gus Wilcox would pay to these defendants any deficiency in the amounts thereof, and that it was further agreed by these defendants that in the event the said Gus Wilcox complied in all respects with the terms of the contract and agreement for the exchange of said properties upon his part to be done and performed that these defendants would pay to the Michigan Stove Company the whole sale price of three certain stoves, to wit, $113.50, for which the said Gus Wilcox was indebted or had incurred a liability therefor, such stoves to be paid for by these defendants only at such time as they should have been sold by these defendants and whenever the said Gus Wilcox should have fully complied with the terms and conditions of the exchange hereinbefore referred to, and these defendants allege that the said accounts due and owing from various debtors to the said Gus Wilcox were not true and correct, and that there was a deficiency in the amounts due and owing from said various debtors to the said Gus Wilcox in the sum of $115, and that the said Gus Wilcox in other respects has wholly failed to do and perform the terms and conditions of the contract and agreement between the said Gus Wilcox and these defendants on his part to be done and performed."

Substantially the same matters are alleged by way of counterclaim. The court did not err in sustaining the demurrer to the counterclaim. No cause of action against plaintiff was stated therein. So far as this plaintiff is concerned, the matter was solely defensive, and, standing alone without the aid of the general denial to the complaint, it did not state any defense.

[2] It is the contention of respondent that the demurrer to paragraph 2 of the answer was properly sustained because he claims that such paragraph alleges a complete defense in itself

if such allegations constitute defensive matter. He contends that the relation between Wilcox and the stove company was one making Wilcox either a bailee or a factor; that in either event the title to the property remained in the stove company; and that the proceeds of the sale belonged to it.

On the other hand, the defendants contend that paragraph 2 of the answer is only a portion of the defense; that with it should be considered the general denial in paragraph 1; that, coupled together, they constitute a defense; and therefore that the demurrer was improperly sustained.

[3] We agree with appellants' contention. Paragraph 2 is not and does not purport to be a separate and complete defense. That paragraph, taken into consideration with the general denial, shows that defendants knew nothing of the alleged agreement between Wilcox and the stove company, and that they did not accept the stoves under said agreement. It does not appear that such agreement was filed for record pursuant to the provisions of section 1315, C. C., so that the allegations of the answer set forth a defense. According to the answer, the defendants merely knew that Wilcox was indebted for the stoves, and they only promised to pay the stove company for the stoves after they had sold them and when Wilcox should have fully performed his agreement. The demurrer, going only to part of the defense, not set up as an independent defense, was wrongfully sustained. Section 130, C. C. P.

The order appealed from is reversed as to paragraph 2 of the answer, and affirmed as to the counterclaim. No costs will be taxed in this court.